UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIE VOEKS, individually
and on behalf of others similarly
situated,

        Plaintiff,

        v.                                    Case No. 07-C-0030

WAL-MART STORES, INC.,

        Defendant.

**DECISION AND ORDER**

**I. BACKGROUND**

This action began on January 11, 2007, when the plaintiff, Julie Voeks ("Voeks"), individually and on behalf of others similarly situated, filed a complaint in the Eastern District of Wisconsin alleging that the defendant, Wal-Mart Stores Inc, ("Wal-Mart"), violated the Electronic Fund Transfers Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and its implementing regulations, 12 C.F.R. § 205 *et seq*. On February 21, 2007, Wal-Mart filed a motion to dismiss Voeks' complaint in part, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Voeks' complaint fails to state a claim upon which relief can be granted. On August 17, 2007, the court granted the motion with respect to the unjust enrichment claim, but denied it with respect to the actual damages claim.

On September 4, 2007, the defendant filed its Answer to the Complaint. The defendant raises twenty-one affirmative defenses in its Answer. On September 7, 2007, the plaintiff filed a motion to strike or, alternatively, to dismiss the defendant's affirmative defenses. The plaintiff's motion

to strike has been fully briefed and is ready for decision. For the reasons which follow, the plaintiff's motion will be granted in part and denied in part.

## II. DISCUSSION

Affirmative defenses may be challenged by a Fed. R. Civ. P. 12(f) motion to strike. Rule 12(f) states:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
>   (1) on its own; or
>
>   (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

"Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense . . . and are inferable from the pleadings." *Id*. (citations omitted). "This is because motions to strike potentially serve only to delay." *Heller*, 883 F.2d at 1294. "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Id*.

The plaintiff contends that almost all of the affirmative defenses raised by the defendant should be stricken with prejudice under Rule 12(f). Specifically, the plaintiffs contend that (1) all of the defenses, except for the statute of limitations defense, are not allowable under the EFTA, and are not defenses to a violation of 15 U.S.C. § 1693b(d)(3)(C); (2) the defendant has already litigated

2

and lost on its defenses of failure to state a claim and lack of reliance; and (3) the defendant's twenty-first affirmative defense, which states that the defendant reserves the right to claim additional affirmative defenses, is not a proper affirmative defense. Moreover, the plaintiff argues that all of the affirmative defenses are insufficiently pled and should be stricken. The court will address each of these arguments in turn.

**A. Allowable Affirmative Defenses Under the EFTA**

The plaintiff argues that affirmative defenses number three (laches), four (waiver), five (estoppel), seven (mistake), eight (consent/ acquiescence), nine (plaintiff's fault), ten (fault of others), eleven (unclean hands), twelve (no damages), thirteen (speculative damages), fourteen (offset), fifteen (failure to mitigate), sixteen (no sufficient interest), seventeen (ratification), nineteen (preemption), and twenty (privilege and qualified privilege) should be stricken with prejudice because these common law defenses are not permissible or effective defenses to an EFTA claim.

The plaintiff contends that the only affirmative defenses available to a defendant in an EFTA action are the four defenses specified by Congress in the EFTA itself, namely: (1) 15 U.S.C. §§ 1693m(c) (bona fide error); (2) 1693m(d) ("Good faith compliance with rule, regulation, or interpretation of Board or approval of duly authorized official or employee of Federal Reserve System"); (3) 1693m(g) (one-year statute of limitations); and (4) § 1693h(d) (regarding the mutilation of ATM signs by persons other than the ATM operator).

In support of its contention that common law defenses are not available when a defendant has breached a statutory duty, the plaintiff cites *Inland Steel Co. v. Kachwinski*, 151 F.219, 22 (7th Cir. 1907), in which the court held that the employer mine operator could not enter into an agreement with mine employees to waive protections under a mine safety statute. Moreover, the plaintiff

3

contends that the EFTA is a strict liability statute, and consequently certain common law affirmative defenses have no bearing on the issue of liability.

In response, the defendant argues that it is entitled to assert common law defenses, and that *Kachwinski* only applies to the specific situation in that case, namely an agreement between an employer and employee to waive protections under a mine safety statute. The defendant also contends that even if the EFTA is a strict liability statute, this does not mean that affirmative defenses are consequently eliminated. The defendant cites *Bartashnik v. Bridgeview Bancorp, Inc.*, 2005 WL 3470315, *3 (N.D. Ill. 2005), in which the court held that even if the EFTA were a strict liability statute, a failure to mitigate may be a viable defense because it could impact the degree of liability.

As an initial matter, the defendant is entitled to assert affirmative defenses seven (mistake), nine (plaintiff's fault), ten (fault of others), and sixteen (intent), as these defenses are allowable under 15 U.S.C. §§ 1693m(c) (bona fide error) and § 1693h(b) (act of God or other circumstance beyond its control). *See Bartashnik*, 2005 WL 3470315 at *2.

Moreover, even assuming that the EFTA is a strict liability statute, I conclude that the other common law affirmative defenses are potentially viable defenses, at least to the extent they impact the degree of liability. *See Nat'l Accident Ins. Underwriters, Inc. v. Citibank F.S.B.*, 243 F.Supp.2d 769, 771 (N.D.Ill.2003) ("all 'strict liability' means is 'liability without fault' . . . There is nothing to suggest that it means an absence or elimination of any possible affirmative defenses."). This conclusion is further supported by the language in the EFTA itself that describes the factors used in determining the proper award for a violation of the EFTA.

> (b) Factors determining amount of award. In determining the amount of liability in any action under subsection (a), the court shall consider, *among other relevant factors–*

4

>    (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or
>
>    (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

15 U.S.C. § 1693m(b) (emphasis added).

To be sure, the plaintiff argues that the factors specifically listed all relate to the conduct of the defendant, rather than the plaintiff, and that factors related to the plaintiff's conduct should not be considered. However, there is nothing in the language of the statute, and the plaintiff has pointed to no case law, to support her contention that a determination of the extent of liability cannot take into account the plaintiff's conduct. Moreover, the conduct of the plaintiff can potentially influence the conduct of the defendant. For example, the common law defenses pled by the defendant include laches, waiver, estoppel, consent/acquiescence, and ratification. These defenses, although they center on the conduct of the plaintiff, also potentially factor into a determination of the nature, frequency, and persistence of noncompliance by the defendant, as well as the degree to which the defendant's noncompliance was intentional.

Although the common law defenses raised by the defendant may not completely shield the defendant from liability under the EFTA, most of these defenses may potentially relate to the degree of liability. Specifically, affirmative defenses three (laches), four (waiver), five (estoppel), six (lack of justifiable reliance), eight (consent/acquiescence), eleven (unclean hands), twelve (no damages), thirteen (speculative damages), fourteen (offset), fifteen (failure to mitigate), and seventeen

5

(ratification) can all potentially impact the degree of liability, and are therefore permissible defenses to an EFTA claim.

However, the defendant's nineteenth affirmative defense, preemption by federal law, will be stricken with prejudice. The court has already dismissed the only state law claim in this action, and the only remaining claims are under the EFTA, a federal statute. Moreover, the defendant's twentieth affirmative defense, privilege and qualified privilege, does not appear to relate to the degree of liability, but rather to the existence of liability. The defendant also has not specified what type of privilege could possibly be applicable to an alleged violation of the EFTA. Such being the case, the defendant's twentieth affirmative defense will be stricken with prejudice.

**B. Law of the Case Doctrine**

The plaintiff argues that the defendant's first (failure to state a claim) and sixth (lack of justifiable reliance) affirmative defenses are barred by the law of the case doctrine. "The law of the case doctrine 'is a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter.'" *Gertz v. Robert Welch, Inc.*, 680 F.2d 527. 532 (7th Cir. 1982) (quoting *Barrett v. Baylor*, 457 F.2d 119, 123 (7th Cir. 1972)). This doctrine "is not . . . an immutable rule, but rather a way to foreclose continued appeals for reconsideration of prior rulings of law." *Id*. The law of the case doctrine is applicable in two distinct situations. *Id*. "First, a court ordinarily will not reconsider its own decision made at an earlier stage of the trial or on a prior appeal, absent clear and convincing reasons to reexamine the prior ruling." *Id*. "Second, an inferior court must apply the decision of a superior appellate tribunal on remand." *Id*.

Here, the first situation is applicable. The plaintiff argues that the court should adhere to its previous rulings on the defendant's motion to dismiss, specifically that the plaintiff has stated a claim

6

for actual damages under the EFTA, and that detrimental reliance is not required to prove actual damages under 15 U.S.C. § 1693b(d)(3)(C).

In response, the defendant argues that the law of the case doctrine does not apply, as an appellate court has not ruled on any issue, and thus applying the doctrine would not prevent multiple lawsuits or conserve judicial resources. Moreover, the defendant contends that the court did not hold that proving detrimental reliance was not a requirement for recovering actual damages. Specifically, the defendant notes that the court stated that "a requirement that the plaintiff detrimentally relied on the allegedly defective notice on the screen to recover actual damages for violations of 12 C.F.R. 205.16(b) is consistent with the language of the EFTA." (Decision and Order at 7-8.)

As an initial matter, the law of the case doctrine does not prevent a judge from reexamining his earlier ruling. *See Williams v. Commissioner*, 1 F.3d 502, 503 (7th Cir. 1993) ("If the same judge had handled the case throughout, the law of the case doctrine would not have prevented him from reversing himself . . . unless the time for reconsideration had expired."). Although there may be a presumption that a decision made at an earlier stage of the proceedings will be adhered to throughout the suit, the law of the case doctrine has less "bite" when the same judge handles the case throughout. *Id*. (noting that the law of the case doctrine has greater "bite" when a case is remanded to the trial judge, or when judges are changed in midstream).

However, this does not mean that, in the case at hand, the law of the case doctrine has no "bite" and is wholly inapplicable. Here, in regards to the first affirmative defense (failure to state a claim), the defendant has already brought a motion to dismiss under Rule 12(b)(6), to the extent the plaintiff was seeking actual damages. The court subsequently denied this motion as to the actual damages claim, holding that "because Voeks has alleged in her complaint that she suffered damages

7

by paying an ATM fee, and that Wal-Mart charged her this fee in violation of 15 U.S.C. § 1693b(d)(3)(C), Voeks' complaint contains sufficient '[f]actual allegations . . . to raise a right to relief above the speculative level.'" (Decision and Order at 8) (citations omitted). To be sure, in the motion to dismiss the court only specifically addressed the issue of whether the plaintiff had sufficiently stated a claim for actual damages under the EFTA. However, a finding that there is a sufficient claim for actual damages necessarily requires a finding that there is a sufficient claim for the underlying EFTA violation. Such being the case, the issue of whether the plaintiff has failed to state a claim has already been decided by this court.

The plaintiff now seeks to raise failure to state a claim as an affirmative defense. However, the court has already issued a decision on the defendant's Rule 12(b)(6) motion, and the defendant has not asked the court to reconsider that decision. Raising this same issue as an affirmative defense would be redundant. *See Home Depot U.S.A., Inc. v. UBM, Inc*., 2007 WL 611279 (N.D.Ill. 2007) (striking the affirmative defense of failure to state a claim because "the proper vehicle for a party to establish a failure to state a claim is a Rule 12(b)(6) motion rather than an affirmative defense."). Moreover, the defendant has not pointed to any potential deficiencies in the complaint, either in its motion to dismiss, its answer, or its brief in opposition to the motion to strike, which suggest that the plaintiff failed to state a claim for the EFTA violation. The defendant's first affirmative defense (failure to state a claim) will be stricken with prejudice.

As to the sixth affirmative defense (lack of justifiable reliance), the court has held that the plaintiff "must show causation and harm in order to recover actual damages," but that "detrimental reliance is not needed to prove causation." (Decision and Order at 6, 8.) Given this holding, a lack

8

of reliance on the notice would not be an effective defense to the plaintiff's claim for actual damages, as reliance is not a required element for recovering actual damages.

The defendant points out that the court held that "a requirement that the plaintiff detrimentally relied on the allegedly defective notice on the screen to recover actual damages for violations of 12 C.F.R. 205.16(b) is consistent with the language of the EFTA." (Decision and Order at 7-8.) However, as noted in that order, the violation in the case at hand "is not predicated on defective notice as in 12 C.F.R. § 205.16(b), but rather is predicated on the improper imposition of a fee" under 15 U.S.C. § 1693b(d)(3)(C). (Decision and Order at 8.) Although detrimental reliance is a required element for claims under 12 C.F.R. 205.16(b), it is not a required element under 15 U.S.C. § 1693b(d)(3)(C).

As with the defendant's first affirmative defense, the court has already decided the issue of whether detrimental reliance is required to recover actual damages, such that raising this same issue as an affirmative defense creates an unnecessary redundancy. However, as with the various affirmative defenses discussed above, a lack of justifiable reliance may be a viable affirmative defense to the extent it impacts the degree of liability (such as the amount of statutory damages). Given that the court has not ruled on the issue of degree of liability, the defendant is entitled to raise this defense.

**C. Sufficient Pleading of Affirmative Defenses**

The plaintiff contends that all of the affirmative defenses should be stricken under Rule 12(f) because they are conclusory statements which contain no facts specifying how the affirmative defenses apply to this action. In response, the defendant argues that it is only required to give the

plaintiff "fair notice" of the defenses being advanced, and that the affirmative defenses are sufficiently stated to put the plaintiff on notice.

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller,* 883 F.2d at 1294. Under Fed.R.Civ.P. 8(b), a defense must set forth a "short and plain statement" of the basis for the defense. *See also Id*.

The parties dispute whether the pleading standard recently outlined in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) applies to affirmative defenses. The plaintiff contends that, as with complaints, affirmative defenses must also contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965. In response, the defendants argue that the purpose of the pleading requirements, as they relate to affirmative defenses, is to give the plaintiff "fair notice" of the defenses being advanced. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). In *Bowman*, the court held that a" defendant [] must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id*. The court also noted that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Id*.

Despite the arguments of the parties to the contrary, the pleading requirements outlined in *Twombly* and *Woodfield* are not materially different. Rather, under both standards, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The degree of factual specificity required, if any, to provide the

10

plaintiff with fair notice of the affirmative defense depends on the specific case and the specific defense being pled.

As an initial matter, the defendant's second (statute of limitations), seventh (mistake), twelfth (no damages), thirteenth (speculative damages), sixteenth (no sufficient intent), and eighteenth (standing) affirmative defenses are sufficiently pled to give the plaintiff fair notice. Although these are not pled with much detail, the basis for these defenses is largely self-explanatory given the nature of the alleged violation. Similarly, the defendant's fourteenth (offset) and fifteenth (failure to mitigate) affirmative defenses sufficiently inform the plaintiff of the issues raised. It would not be reasonable to expect the defendant to have detailed information about mitigation or offset at this early stage of the litigation. *See Yash Raj Films v. Atl. Video*, 2004 WL 1200184, *4 (N.D. Ill. 2004). Moreover, the defendant's sixth (lack of justifiable reliance) and seventeenth (ratification) affirmative defenses are also clearly sufficiently pled, as these are pled with factual particularity.

However, affirmative defenses three (laches), four (waiver), five (estoppel), eight (consent/acquiescence), nine (plaintiff's fault), ten (fault of others), and eleven (unclean hands) are equitable defenses which are not pled with any degree of specificity, and are not sufficient to provide the plaintiff with fair notice. Equitable defenses "must be pled with the specific elements required to establish the defense." *Marina Bartashnik v. Bridgeview Bancorp, Inc.*, 2005 WL 3470315, *4 (N.D. Ill. 2005) (quoting *Yash Raj Films,* 2004 WL 1200184 at *3). "These defenses require at least some direct or inferential allegations as to each element of the defense asserted." *Yash Raj Films*, 2004 WL 1200184 at *3.

Here, the defendant has failed "to set forth any allegations beyond bare-bones legal conclusions." *Marina Bartashnik*, 2005 WL 3470315 at *4. "[S]tringing together a list of legal

11

defenses is not sufficient to satisfy Rule 8(a)." *Yash Raj Films*, 2004 WL 1200184 at *3. Such being the case, these defenses will be stricken without prejudice.

As a final matter, the defendant's twenty-first affirmative defense (reservation of rights) will also be stricken with prejudice. A reservation of rights is not a matter "properly pleaded as an affirmative defense." *Hydra-Stop, Inc. v. Severn Trent Environmental Services, Inc*., 2003 WL 22872137 at *5 (N.D. Ill. 2003). Moreover, it is unnecessary to explicitly reserve the right to plead additional affirmative defenses, as "there is no procedure for reserving a right to plead affirmative defenses at a latter date." *Dresser Industries, Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 n. 6 (7th Cir. 1991). The defendant can move to amend its pleadings to add additional affirmative defenses under Fed. R. Civ. P. 15.

In conclusion, and for all of the foregoing reasons, affirmative defenses nineteen (preemption), twenty (privilege and qualified privilege), and twenty-one (reservation of rights) will be stricken with prejudice. Furthermore, affirmative defenses three (laches), four (waiver), five (estoppel), eight (consent/acquiescence), nine (plaintiff's fault), ten (fault of others), and eleven (unclean hands) will be stricken without prejudice.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to strike affirmative defenses be and hereby is **GRANTED IN PART AND DENIED IN PART**.

Affirmative defenses nineteen (preemption), twenty (privilege and qualified privilege), and twenty-one (reservation of rights) are stricken with prejudice. Affirmative defenses three (laches), four (waiver), five (estoppel), eight (consent/acquiescence), nine (plaintiff's fault), ten (fault of others), and eleven (unclean hands) are stricken without prejudice.

**SO ORDERED** this 7th day of January 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.  
WILLIAM E. CALLAHAN, JR.  
United States Magistrate Judge

13

Case 2:07-cv-00030-LA   Filed 01/07/08   Page 13 of 13   Document 38